UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CATHY LYNN A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  4:23 CV 1185 JMB |
| | ) |
| MARTIN J. O'MALLEY, | ) |
| Commissioner of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of an adverse ruling by the Social Security Administration.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  For the reasons set forth below, the ruling is affirmed.

**I. Procedural History**

Plaintiff Cathy A. protectively filed a claim for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.*, on July 2, 2021.  She alleges she became unable to work on April 15, 2015, due to ongoing back problems, post traumatic stress disorder ("PTSD"), depression, dyslexia, asthma, and allergies (Tr. 265-71, 285).  Plaintiff's claim was denied upon initial consideration and reconsideration, and she requested a hearing before an ALJ (Tr. 117-36, 150-59, 163-74).  At the October 27, 2022, administrative hearing before the ALJ, Plaintiff appeared with counsel and testified concerning the nature of her disability, her functional limitations, and her past work (Tr. 31-59).  The ALJ also heard testimony from Amy Salva, a vocational expert ("VE") (Tr. 59-65).  After considering the testimonies from the hearing

and reviewing the other relevant evidence of record, the ALJ issued a decision on November 28, 2022, finding that Plaintiff was not disabled and denying benefits (Tr. 10-22). Plaintiff sought review of the ALJ's decision before the Appeals Council of the Social Security Administration, which was denied on July 25, 2023 (Tr. 1-6). Accordingly, the decision of the ALJ is the final decision of the Commissioner. As Plaintiff has exhausted her administrative remedies, her appeal is properly before this Court. See 42 U.S.C. § 405(g).

Plaintiff's sole argument on appeal is that the ALJ failed to resolve all conflicts between vocational sources before determining whether she could perform other work in the national economy. (ECF No. 12).

## II. Evidence Before the ALJ

As noted above, the issue before this Court is a narrow one. Given the parties do not dispute the nature of Plaintiff's disability or her functional limitations, the Court finds it unnecessary to set out in detail her medical records, function reports, or testimony related to such. To the extent Plaintiff's argument requires consideration of the administrative hearing transcript, specific facts will be discussed below as needed.

## III. Standard of Review and Legal Framework

To be eligible for SSI under the Social Security Act, a plaintiff must prove that she is disabled. Baker v. Sec'y of Health & Human Servs., 955 F.2d 552, 555 (8th Cir. 1992). The Act defines a disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). A claimant will be found to have a disability "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er]

previous work but cannot, considering h[er] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B); see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The Social Security Administration has established a five-step process for determining whether a person is disabled. See 20 C.F.R. § 404.1520(a)(4); Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009). "Steps one through three require the claimant to prove (1) she is not currently engaged in substantial gainful activity, (2) she suffers from a severe impairment, and (3) her disability meets or equals a listed impairment." Pate-Fires v. Astrue, 564 F.3d 935, 942 (8th Cir. 2009); see also Bowen, 482 U.S. at 140-42 (discussing the five-step process). "If the claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five." Pate-Fires, 564 F.3d at 942. "Prior to step four, the ALJ must assess the claimant's residual functional capacity ('RFC'), which is the most a claimant can do despite her limitations." Moore, 572 F.3d at 523 (citing 20 C.F.R. § 404.1545(a)(1)). At step four, the ALJ determines whether the claimant can return to her past relevant work, reviewing the claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(e)-(f). The burden at step four remains with the claimant to prove her RFC and establish that she cannot return to her past relevant work. Moore, 572 F.3d at 523; see also Dukes v. Barnhart, 436 F.3d 923, 928 (8th Cir. 2006); Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005). If the ALJ holds at step four that a claimant cannot return to past relevant work, the burden then shifts at step five to the Administration to establish that the claimant maintains the RFC "to perform a significant number of jobs within the national economy." Banks v. Massanari, 258 F.3d 820, 824 (8th Cir. 2001); see also 20 C.F.R. § 404.1520(g) (citation omitted).

The Court's role on judicial review is to determine whether the ALJ's findings are supported by "substantial evidence in the record as a whole." Pate-Fires, 564 F.3d at 942 (quotation omitted). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (quotation and citation omitted). "[T]he threshold for such evidentiary sufficiency is not high." Id. Stated another way, substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." Juszczyk v. Astrue, 542 F.3d 626, 631 (8th Cir. 2008) (quotation omitted). In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the ALJ's decision. Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007).

The Eighth Circuit has repeatedly emphasized that a district court's review of an ALJ's disability determination is intended to be narrow and that courts should "defer heavily to the findings and conclusions of the Social Security Administration." Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010) (citing Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001)).

### IV. The ALJ's Decision

The ALJ's decision in this matter conforms to the five-step process outlined above (Tr. 12-22). The ALJ initially determined that Plaintiff had not engaged in substantial gainful activity since the date of her application. At step two, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease status post laminectomy, asthma, trigger finger, anxiety, depression, and PTSD. The ALJ further found that her cardiac hypertrophy and obesity were non-severe. (Tr. 12-13). The ALJ determined at step three that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. The ALJ specifically addressed listings 1.15, 1.18, 3.02, 3.03, 12.04, 12.06, and 12.15 (Tr. 13-15).

The ALJ next determined that Plaintiff had the RFC to perform sedentary light work as defined in 20 C.F.R. § 416.967(b) except:

> the claimant must have an option to sit or stand at one-hour intervals taking a minute or two to change position.  Additionally, the claimant is limited to … occasional stooping, kneeling, crouching, crawling, and climbing ramps or stairs; but never climbing ladders, ropes, or scaffolds.  The claimant can have frequent but not constant use of the hands for fine and gross manipulation.  The claimant must avoid walking or standing on uneven terrain and exposure to workplace hazards, such as unprotected heights and dangerous moving machinery.  The claimant must avoid concentrated exposure to temperature extremes, vibrations, and pulmonary irritants—dusts, fumes, odors, gases, and areas of poor ventilation.  The claimant is capable of **simple, routine non-detailed and non-complex job tasks** with little to no change in routine and simple written communications or tasks learned by demonstration, with no fast-paced production rate demands or quotas.  The claimant may have occasional, superficial contact with coworkers and supervisors but no close tandem work, and avoid contact with the general public.

(Tr. 15-16) (emphasis added).

At step four, the ALJ concluded that Plaintiff is not capable of returning to her past relevant work as a stagehand (Tr. 21).  However, the ALJ found at step five that Plaintiff could perform other work as an inserting machine operator (Tr. 21-22).  Finally, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act from the date her application was filed to the date of the decision (Tr. 22).

## V. Discussion

Plaintiff argues that the ALJ erred in relying on the VE's testimony in determining she was capable of other work in the national economy, where the ALJ's ascribed RFC limitation of non-detailed job tasks conflicted with the job requirements of inserting machine operator as set forth in the Dictionary of Occupational Titles ("DOT"). (ECF No. 12). Plaintiff's argument pertains to the DOT's categorization of work according to the "reasoning level" of each job, which is measured on a scale of one to six.  Level one reasoning requires a worker to "apply commonsense understanding to carry out one- or two-step instructions," whereas level two reasoning requires a

worker to "apply commonsense understanding to carry out detailed but uninvolved written or oral instructions." (*Dictionary of Occupational Titles* app. C, III (4th ed. 1991)).  Plaintiff contends that the ALJ's RFC finding functionally limited her to work consistent with level one reasoning, yet the job of inserting machine operator requires the performance of level two reasoning.  (ECF No. 12 at 9-10 (citing Inserting-Machine Operator, DOT 208.685.018)).

Pursuant to Social Security Ruling 00-4p, before relying on VE testimony, an ALJ has an affirmative duty to ask about "any possible conflict" between the VE evidence and the DOT.  2000 WL 1898704, at *4 (Dec. 4, 2000).  If there is an apparent conflict, the ALJ must "elicit a reasonable explanation for the conflict" before relying on the VE evidence.  Id. at *2-3; see also Jones v. Astrue, 619 F.3d 963, 977-78 (8th Cir. 2010) (SSR 00-4p requires the ALJ to ask the VE whether there is a conflict, and to obtain an explanation for any such conflict).  The ALJ must also explain in his decision how he resolved the conflict.  SSR 00-4p, 2000 WL 1898704, at *3.  Accordingly, "an ALJ cannot rely on expert testimony that conflicts with the job classifications in the DOT unless there is evidence in the record to rebut those classifications."  Jones ex rel. Morris v. Barnhart, 315 F.3d 974, 979 (8th Cir. 2003) (citing Porch v. Chater, 115 F.3d 567, 572 (8th Cir.1997)).  Conversely, "[w]hen an ALJ has posed a hypothetical that accurately reflects his RFC finding, questioned the VE about any apparent inconsistencies with the relevant DOT job descriptions, and explained his decision to credit the VE's testimony, the ALJ has complied with SSR 00-4p, and we review his decision under the deferential substantial evidence standard." Welsh v. Colvin, 765 F.3d 926, 930 (8th Cir. 2014) (citation omitted).

At the administrative hearing, the ALJ asked the VE to assess whether someone of Plaintiff's age, and with her education, work experience, and specific functional limitations, including the capacity for "simple, non-detailed, noncomplex job tasks," would be able to perform

Page **6** of **10**

other work in the national economy (Tr. 60). The VE testified that "[t]here would be light level, unskilled work that would fit this situation, with an SVP: 2," including the job of inserting machine operator (Tr. 61).[1] The ALJ then questioned the VE, "[i]s your testimony consistent with the [DOT]?" (Tr. 61). The VE responded:

> It is, although that publication and its companion publications don't indicate whether an individual can work with coworkers, supervisors, or the public. It doesn't specify what jobs are fast paced. That information I would have provided based on my education and experience as a vocational counselor and placing individuals in these types of positions.

(Tr. 61).

In his decision at step five, the ALJ discussed the above-mentioned inconsistencies between the VE testimony and the information contained in the DOT, as well as the VE's reliance on her education, training, and experience to address certain topics not explicitly addressed by the DOT (Tr. 22). The ALJ noted that "[n]o objection was raised to this specific testimony or to the overall qualifications of the [VE]." Id. "In light of the explanations provided," the ALJ "accepted" and relied upon the VE's testimony in concluding that Plaintiff was capable of making a successful adjustment to other work in the national economy as an inserting machine operator. Id.

The record demonstrates that the ALJ questioned the VE regarding the consistency of her testimony with the information contained in the DOT, that the VE addressed several discrepancies, and that the ALJ mentioned those discrepancies in his decision. Plaintiff contends, however, that the VE and the ALJ failed to address an additional discrepancy; namely, the inconsistency between the RFC limitations posed by the ALJ's hypothetical and the job requirements of inserting machine operator as set forth in the DOT. Plaintiff argues that the ALJ's hypothetical and final RFC

---

[1] The VE also identified the positions of retail marker and laundry sorter, but later determined that such positions would not accommodate an individual who needed an option to change their position from seated to standing every hour and take a minute or two to change position (Tr. 61).

Page **7** of **10**

determination limited her to "non-detailed" tasks—which she contends corresponds to a "maximum" reasoning level of one—whereas the position of inserting machine operator requires the performance of level two reasoning, or the ability to carry out detailed but uninvolved instructions. (ECF No. 12 at 9-12). Plaintiff suggests the ALJ's failure to resolve this apparent conflict undermines his decision. For support, Plaintiff relies on Stanton v. Comm'r, Soc. Sec. Admin., 899 F.3d 555 (8th Cir. 2018). In Stanton, the ALJ's hypothetical and RFC determination limited the plaintiff to "one- to-two step tasks," which corresponded directly to the language used in the DOT to describe level one reasoning, but the job identified by the VE required level two reasoning. Id. at 558-59. The Stanton Court found that the ALJ's failure to address the inconsistency warranted reversal and remand. Id. at 560.

      The Court finds Plaintiff's reliance on Stanton misplaced. Unlike in Stanton, the ALJ's hypothetical and final RFC determination here did not limit Plaintiff to job tasks requiring one or two-step instructions. Similarly, the ALJ did not otherwise indicate that Plaintiff could perform only occupations consistent with level one reasoning. The Court instead finds Plaintiff's arguments more akin to those previously rejected by the Eighth Circuit. See Moore v. Astrue, 623 F.3d 599, 604 (8th Cir. 2010) (finding hypothetical stating that claimant was capable of "carrying out simple job instructions" and performing "simple, routine and repetitive work activity at the unskilled task level" was not inconsistent with the VE's opinion that the claimant could perform jobs with a reasoning level of two); Filbert v. Colvin, No. 4:14-cv-00209-JAR, 2015 WL 1474873, at *11 (E.D. Mo. Mar. 31, 2015) ("The law in this Circuit is clear—any potential inconsistency between a reasoning level of three and the ability to follow only simple instructions on non-detailed tasks is not a conflict"); see also Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007) (citing Hillier v. Soc. Sec. Admin., 486 F.3d 359, 366-67 (8th Cir. 2007) (expert's opinion that a claimant

Page **8** of **10**

who was limited to following "simple, concrete instructions" could work as a cashier was not inconsistent with the DOT's description of cashier as requiring level three reasoning)).

In Moore, the Eighth Circuit found that there was "no direct conflict between 'carrying out simple job instructions for simple, routine and repetitive work activity,' as in the hypothetical, and the [VE's] identification of occupations involving instructions that, while potentially detailed, are not complicated or intricate." 623 F.3d at 604. As distinguished by Stanton, "Moore emphasized that the ALJ decision at issue did not limit job instructions 'to simple one- or-two-step instructions or otherwise indicate that the claimant could perform only occupations at a DOT reasoning level of one.'" Stanton, 899 F.3d at 559 (quoting Moore, 623 F.3d at 604 (cleaned up)).

The Court here reaches a conclusion in line with the precedent set by Moore. It is well established that the DOT describes the upper limits of skills for all jobs in a given occupational category. See Moore, 623 F.3d at 604. "'A claimant's reliance on the DOT as a definitive authority on job requirements is misplaced because DOT definitions are simply generic job descriptions that offer the approximate maximum requirements for each position, rather than their range.'" Id. (quoting Page v. Astrue, 484 F.3d 1040, 1045 (8th Cir. 2007) (cleaned up)). Its descriptions are not meant to be read as requirements of every job within a category. See id. "The DOT itself cautions that its descriptions may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities." Wheeler v. Apfel, 224 F.3d 891, 897 (8th Cir. 2000) (quotations omitted). As in Moore, there is nothing in the record here to suggest that the VE "ignored the reasoning limitations in the hypothetical in determining that the listed occupation[] encompassed suitable jobs." 623 F.3d at 604-05 (citing Whitehouse v. Sullivan, 949 F.2d 1005, 1006 (8th Cir. 1991) ("[T]he ALJ could properly assume that the expert framed his answers based on the factors the ALJ told him to take into account.")).

On the record before it, and in accordance with Eighth Circuit precedent that an ability to follow simple instructions and perform non-detailed tasks is not inconsistent with level two reasoning, the Court finds Plaintiff's argument regarding the perceived conflict unavailing. Alie v. Berryhill, 4:16CV1353 JMB, 2017 WL 2572287, at *13 (E.D. Mo. June 14, 2017); see also Moore, 623 F.3d at 605 ("Because substantial evidence supports the ALJ's phrasing of the hypothetical to the vocational expert, and there was no conflict between the vocational expert's testimony and the DOT, the ALJ properly relied on the testimony."); Renfrow, 496 F.3d at 921 (finding the ALJ's error in failing to ask the VE about possible conflicts between his testimony and the DOT harmless, since no such conflict appeared to exist).

\* \* \* \* \*

For the foregoing reasons, the Court concludes that the ALJ's determination is supported by substantial evidence on the record as a whole.

Accordingly, **IT IS HEREBY ORDERED** that the decision of the Commissioner is **affirmed**.

A separate Judgment shall accompany this Memorandum and Order.

                                                                   */s/ John M. Bodenhausen*
                                                                   JOHN M. BODENHAUSEN
                                                                   UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of October, 2024.